**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bruce THOMAS, a/k/a Jacob Livingston,
Defendant–Appellant.**

No. 92–5644.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1993.

Decided Aug. 23, 1993.

Beth Mina Farber, Asst. Federal Public Defender, Baltimore, MD, argued (James K. Bredar, Federal Public Defender, on brief), for defendant-appellant.

Maury S. Epner, Asst. U.S. Atty., Baltimore, MD, argued (Richard D. Bennett, U.S. Atty., on brief), for plaintiff-appellee.

Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

NIEMEYER, Circuit Judge:

Bruce Thomas was convicted of violating 18 U.S.C. § 922(g)(1), making it unlawful for a person previously convicted of a crime punishable by more than one year in prison to possess a firearm. The district court sentenced Thomas to 280 months imprisonment as an armed career criminal under 18 U.S.C. § 924(e) because it found Thomas had three previous violent felony convictions. Four predicate convictions, purportedly for violent felonies, were identified during sentencing: two for burglary, one for attempted burglary, and one for aggravated assault, all under the statutes of New Jersey. On appeal Thomas contends that neither the conviction for attempted burglary nor the conviction for aggravated assault qualifies as a violent felony under the federal definition. He also argues that the court erred in refusing to credit him with acceptance of responsibility when calculating the appropriate offense level under the Sentencing Guidelines. For the reasons that follow, we affirm.

■ Thomas first contends that his conviction for attempted burglary under N.J.Stat. Ann. §§ 2C:18–2 and 2C:5–1(a) does not constitute a violent felony. Under 18 U.S.C. § 924(e)(2)(B)(ii) a "violent felony" is a crime punishable by imprisonment for a term greater than one year that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Whether a conviction meets this definition is determined by a categorical approach, whereby the court looks only at the fact of conviction and the statutory definition of the offense, and not to the underlying facts of a specific conviction. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). Thomas argues that a conviction for *attempted* burglary under New Jersey law cannot be counted as if it were a conviction for burglary and does not otherwise involve a serious potential risk of physical injury.

In *Taylor,* the Court held that "burglary" means any state crime the elements of which include "unlawful or unprivileged entry into,

or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. at 2158. The Court additionally examined Congress' purpose in including burglary as a violent felony, and concluded that Congress had determined that crimes such as burglary "presented a sufficiently 'serious potential risk' to count toward enhancement." *Id.* at 597, 110 S.Ct. at 2158.

■ While we note that Thomas is correct that attempted burglary under New Jersey law does not contain the elements required for "burglary" as that term is used in § 924(e), we disagree that attempted burglary does not otherwise involve conduct presenting a serious potential risk of physical injury. In *United States v. Custis,* 988 F.2d 1355 (4th Cir.1993), we determined that attempted breaking and entering under Maryland law qualified as a violent felony because the risk of confrontation, and physical harm, created when someone interrupts an intruder in the process of breaking in is nearly as great as the risk created when the interruption occurs after access is gained. *Id.* at 1364. For the same reasons, we hold that Thomas' conviction under New Jersey law for attempted burglary qualifies as a violent felony under § 924(e). *Cf. United States v. Solomon,* 998 F.2d 587, 590 (8th Cir.1993) (attempted second degree burglary under Minnesota law is a violent felony); *United States v. O'Brien,* 972 F.2d 47, 51–53 (3d Cir.1992) (same for attempted breaking and entering under Massachusetts law), *pet. for cert. filed* July 6, 1993; *United States v. Payne,* 966 F.2d 4, 8–9 (1st Cir.1992) (same); *United States v. Fish,* 928 F.2d 185, 188 (6th Cir.) (same for attempted breaking and entering of a dwelling or business under Michigan law), *cert. denied,* — U.S. —, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991); *United States v. Lane,* 909 F.2d 895, 903 (6th Cir. 1990) (same for attempted burglary under Ohio law). *But cf. United States v. Strahl,* 958 F.2d 980, 986 (10th Cir.1992) (attempted burglary under Utah law is not a violent felony); *United States v. Martinez,* 954 F.2d 1050, 1054 (5th Cir.1992) (same for attempted burglary under Texas law).

■ Thomas also contends that his conviction for aggravated assault for shooting a

person in the leg in violation of N.J.Stat.Ann. §2C:12–1(b)(3) does not constitute a violent felony under § 924(e). An offense "classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" is excluded by definition from the class of violent felonies that are predicates for sentencing under 18 U.S.C. § 924(e) because such an offense is not a "crime punishable by imprisonment for a term exceeding one year," as defined by 18 U.S.C. § 921(a)(20)(B). Thomas argues that although New Jersey classifies the offense of which he was convicted as a "crime of the fourth degree," this category is analogous to the common law category of misdemeanors.

New Jersey formerly classified crimes as felonies, high misdemeanors, misdemeanors, and disorderly persons offenses. With a re-write of its criminal code in 1979, the state abandoned those classifications and redefined all non-capital offenses as either "crimes" or "disorderly persons offenses." *See* N.J.Stat. Ann. § 2C:1–4(a) & (b). The category "crimes" was further subdivided into degrees, from the first degree (the most aggravated) to the fourth degree (the least aggravated). A "crime" of any degree is not necessarily equivalent to a misdemeanor, as this is the more serious of the two classifications of offenses in New Jersey's system. Moreover, assault is broken down by New Jersey statute into simple and aggravated assault. While the former is a disorderly persons offense, it is the latter, a crime of the fourth degree, of which Thomas was convicted. Finally, when a person uses or possesses a firearm in the course of committing an aggravated assault, he is subject to a mandatory minimum 18 months imprisonment without parole. *Id.* § 2C:43–6(c). Thomas was sentenced under this special penalty provision.

Because New Jersey has classified aggravated assault as a "crime," distinguishing it from a less serious "disorderly person offense," we cannot say that it has been classified a misdemeanor by the state. Without that classification, we are left with the inevitable conclusion that an aggravated assault under New Jersey law is a violent felony as defined by federal law. *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining violent felonies to include any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force).

In summary, we hold that the prior convictions of Thomas under New Jersey law for attempted burglary and aggravated assault are predicate offenses for purposes of enhanced punishment under 18 U.S.C. § 924(e).

Finally, after having reviewed the record carefully, we do not find that the district court's decision in refusing to credit Thomas with acceptance of responsibility under U.S.S.G. § 3E1.1 is clearly erroneous. *See United States v. Harriott*, 976 F.2d 198, 202 (4th Cir.1992); *United States v. Cusack*, 901 F.2d 29, 131–32 (4th Cir.1990).

*AFFIRMED.*