**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4176

REGINALD DWAYNE HUNTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CR-95-29)

Submitted: November 21, 1996

Decided: December 9, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Mark D. Boynton, Third-year Law
Student, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Dwayne Hunter pled guilty to possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (1994). He was sentenced as an armed career criminal to 216 months imprisonment. Hunter appeals his sentence on that basis. He also appeals the denial of his motion for a psychological evaluation. We affirm.

Hunter's conviction for being a felon in possession of ammunition satisfied the first prong of the statutory sentencing enhancement under 18 U.S.C. § 924(e)(1) (1994). The second prong requires a defendant to have three prior convictions of violent felonies or serious drug offenses that were committed on different occasions. § 924(e)(1). Violent felonies are defined in section 924(e)(2)(B).

Hunter's prior convictions satisfy the requirements of this section. Hunter was convicted of assault with a deadly weapon inflicting serious injury; he was subject to a term of imprisonment of up to ten years. See United States v. Thomas, 2 F.3d 79, 81 (4th Cir. 1993), cert. denied, 510 U.S. 1166 (1994) (aggravated assault under New Jersey law is violent felony). Hunter was also convicted of two common-law robberies occurring within two days of each other; each of these offenses was also subject to a ten-year imprisonment term. See United States v. Bowden, 975 F.2d 1080, 1082 (4th Cir. 1992), cert. denied, 507 U.S. 945 (1993) (stating in dicta that North Carolina common-law robbery is violent felony).

Hunter asserts that because these prior convictions were all adjudicated on the same date they should count as only one conviction. This contention is without merit. The enhancing statute only requires the offenses to have been "committed on occasions different from one another." § 924(e)(1); see United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Hunter's three offenses plainly meet this standard: Hunter committed the assault offense on July 16, 1993, and committed the robberies (which involved different victims and the use of different weapons) on July 18, 1993, and July 20, 1993. We therefore find that Hunter's prior convictions satisfied both elements of the

2

enhancing statute and that he was properly sentenced as an armed career criminal. We hereby affirm Hunter's conviction and sentence.

Hunter also challenges the district court's denial of his request for a psychological evaluation. The request was based on a passage within his presentence report that described certain antisocial behaviors. But Hunter does not allege, neither does the record support the conclusion, that he lacked the ability to fully understand and appreciate the nature of the charges against him, to comprehend his constitutional rights, or to realize the consequences of his plea. See United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974) (outlining competence requirements when offering guilty plea). Further, in light of the fact that on two occasions Hunter submitted pro se documents to the court, in which he asserted that he was of sound mind, the district court found no credible evidence of incompetence. We therefore find that the district court did not abuse its discretion in denying Hunter's request for a psychological evaluation. See United States v. West, 877 F.2d 281, 285 n.1 (4th Cir.) (standard of review), cert. denied, 493 U.S. 959 (1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3