# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1052

_____

United States of America,           \*

                              \*

          Appellee,          \*

                              \*   Appeal from the United States

v.                           \*   District Court for the

                              \*   Western District of Missouri.

Ronny V. Green,             \*

                              \*

          Appellant.       \*

_____

Submitted:  September 22, 1998

Filed: October 8, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     A jury convicted Ronny Green of armed bank robbery, use of a firearm during a crime of violence, and being an armed career criminal in possession of a firearm. During the trial, evidence was presented that Mr. Green had previously been convicted of robbery in the first degree and (five years later) of robbery in the second degree.

The trial court[1] sentenced Mr. Green to a mandatory term of life imprisonment under 18 U.S.C. § 3559(c)(1), the so-called "three strikes, you're out" law.  Mr. Green appeals his sentence.  We affirm the judgment of the trial court.

I.

Federal law provides a mandatory term of life imprisonment for anyone convicted of a "serious violent felony" if he or she has been convicted on separate prior occasions of "2 or more serious violent felonies."  See 18 U.S.C. § 3559(c)(1)(A)(i). The term "serious violent felony," as relevant here, means "any ... offense ... that has as an element the use ... or threatened use of physical force against the person of another" or "any ... offense that, by its nature, involves a substantial risk [of] physical force against the person of another."  See 18 U.S.C. § 3559(c)(2)(F)(ii).

Mr. Green contests the use of his conviction for robbery in the second degree as one of his three strikes.  According to the applicable Missouri statute, a person commits robbery in the second degree when he or she "forcibly steals property."  See Mo. Ann. Stat. § 569.030.1.  Although this language does not on its face explicitly require the use or threatened use of force against a person for conviction, another Missouri statute provides that "a person 'forcibly steals' ... when ... he uses or threatens the immediate use of physical force upon another person."  See Mo. Ann. Stat. § 569.010.1. Second-degree robbery, under Missouri law, thus counts as a strike because it "has as an element the use ... or threatened use of physical force against the person of another." See 18 U.S.C. § 3559(c)(2)(F)(ii).  We note, moreover, that even in the absence of this element, second-degree robbery would probably be a "serious violent felony," see 18 U.S.C. § 3559(c)(1), because "robbery by its very nature involves a substantial risk that physical force against the person of another may be used," United States v. Farmer, 73

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

F.3d 836, 842 (8th Cir. 1996), <u>cert. denied</u>, 518 U.S. 1628 (1996). <u>See</u> 18 U.S.C. § 3559(c)(2)(F)(ii).

It is true, as Mr. Green contends, that not all convictions for second-degree robbery under Missouri law would necessarily qualify as strikes for the purpose of sentencing under federal law. That is because the federal statute creates an exception for convictions with respect to which a defendant can prove by clear and convincing evidence that the actual offense conduct included no use or threat of use of a firearm or other dangerous weapon, <u>see</u> 18 U.S.C. § 3559(c)(3)(A)(i), and that no "death or serious bodily injury" resulted from the offense, <u>see</u> 18 U.S.C. § 3559(c)(3)(A)(ii). Mr. Green apparently believes that the United States must meet some burden of production or persuasion with respect to the actual offense conduct before the burden to prove the lack of a weapon and of serious injury shifts to him. There is no such requirement in the language of the statute, and Mr. Green has not met his burden of producing clear and convincing evidence here. Indeed, he introduced no evidence whatever with respect to the relevant offense conduct.

## II.

We also reject Mr. Green's claim that the United States failed to present evidence of his previous convictions that was sufficient to support a finding that he was subject to the mandatory life sentence. The trial court, after an <u>in camera</u> hearing, admitted into evidence certified copies of Mr. Green's Missouri convictions, as well as his "penitentiary packet," which contained copies of the convictions, a photograph of him, and copies of his fingerprints. The same name (Ronny V. Green) and the same birth date (October 19, 1958) appeared on each conviction and in the penitentiary packet. Information concerning Mr. Green's criminal history was also contained in the presentence report submitted to the trial court.

Upon an initial showing by the United States that a defendant has convictions sufficient to trigger the three-strikes rule, the burden shifts to the defendant to

demonstrate by a preponderance of the evidence that those convictions should for some reason not be used in the calculation of the sentence. <u>United States v. Redding</u>, 16 F.3d 298, 302 (8th Cir. 1994). "A certified record of conviction or a presentence investigation report," both of which were in evidence in this case, "is usually sufficient to satisfy this initial showing." <u>Id.</u> The burden therefore shifted to Mr. Green to establish by a preponderance of the evidence that his previous convictions should not be considered for some reason, a burden that he failed to carry. In fact, he offered no evidence whatever relevant to this point.

III.

For the reasons stated, we affirm the judgment of the trial court.


A true copy.


      Attest:


           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.