279 F.Supp.2d 1054 (2003)
UNITED STATES of America, Plaintiff,
v.
Allen SHELTON, Defendant.
No. 03-0023M.
United States District Court, E.D. Missouri, Eastern Division.
April 10, 2003.
*1055 Charles M. Ferguson, II, Law Offices of Charles M. Ferguson II, LLC, St. Louis, MO, for Defendant.

FINDING OF PROBABLE CAUSE AND ORDER CONTINUING PROCEEDINGS
NOCE, United States Magistrate Judge.
On March 28, 2003, defendant Allen Shelton was brought before the court for a preliminary examination on the complaint filed in this action.
Defendant Shelton is charged by complaint with knowingly possessing body armor on March 24, 2003, after having been convicted of a felony that is a "crime of violence," in violation of 18 U.S.C. § 931(a). After considering the evidence adduced at the hearing and making the findings of fact and conclusions of law set out below, the court finds probable cause to believe that defendant committed the offense charged in the complaint.
At the hearing, the testimony established that on March 24, 2003, a police officer responded to a 911 call regarding a disturbance at a Walgreen retail drug store. The officer arrested defendant for general peace disturbance and observed that defendant was wearing a bullet-proof vest. After the officer advised defendant of his rights prescribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), defendant waived those rights. In response to a question from the officer, defendant stated that he was wearing body armor because people were trying to kill him.
At the hearing, an issue of law arose over whether defendant had a predicate crime-of-violence conviction. Shortly thereafter, the government filed documentation showing that, in the Circuit Court of the City of St. Louis, Missouri, Shelton was convicted in 1988 of attempted second-degree robbery. (Doc. 11.) Defendant admits having the conviction for attempted second-degree robbery, but argues that the offense is not a "crime of violence" for § 931(a) purposes, because neither second-degree robbery nor attempted second-degree robbery is a "Dangerous felony" under Missouri law. (Doc. 10.)
A few federal and state statutes are relevant to determining whether defendant's Missouri state court conviction for attempted second-degree robbery brings him within § 931(a)'s grasp. Section 931(a) makes it unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is "(1) a crime of violence (as defined in [18 U.S.C. § ]16); or (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States." Section 16, in turn, defines "crime of violence" as:
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 16.
Under Missouri law, "[a] person commits the crime of robbery in the second degree when he forcibly steals property," Mo.Rev.Stat. § 569.030.1, and "commits the crime of stealing if he ... appropriates property or services of another with the purpose to deprive him or her thereof, *1056 either without his or her consent or by means of deceit or coercion," Mo.Rev.Stat. § 570.030. Moreover, a person "forcibly steals" when, in the course of stealing, "he uses or threatens the immediate use of physical force upon another person." Mo. Rev.Stat. § 569.010(1).
The Eighth Circuit has not yet faced the specific issue now before this court, but has held that a Missouri conviction for second-degree robbery is a "serious violent felony" for the purpose of the federal "three strikes" law (18 U.S.C. § 3559(c)). See United States v. Green, 157 F.3d 617, 619 (8th Cir.1998). In Green, the court held that second-degree robbery, under § 569.030.1, counts as a strike because it has as an element the use or threatened use of physical force against the person of another. Id. Moreover, the court noted that even in the absence of this element, second-degree robbery would probably be a "serious violent felony" because robbery by its very nature involves a substantial risk that physical force against the person of another may be used. Id.
Section 3559(c)'s definition of "serious violent felony" is nearly identical to § 16's definition of "crime of violence." See 18 U.S.C. § 3559(c)(2)(F)(ii) ("serious violent felony" includes an offense punishable by a maximum imprisonment term of at least 10 years "that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense").
As defined, a "serious violent felony" differs from a "crime of violence" in two respects, neither of which are material. First, while § 3559(c)(2)(F)(ii)but not § 16is limited to felonies carrying a maximum imprisonment term of at least 10 years, second-degree robbery is a class B felony in Missouri and thereby carries a maximum prison term of 15 years. See Mo.Rev.Stat. §§ 558.011.1(2), 569.030.2. Second, § 16 is worded more broadly than § 3559(c)(2)(F)(ii), as the former covers offenses involving a substantial risk that physical force may be used not only against the person of another, but also against the "property of another."
In Missouri, "[a] person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." Mo.Rev. Stat. § 564.011.1. The fact that defendant was convicted of an attempt offense does not diminish Green's applicability, because the Eighth Circuit has held that attempted burglary under a state law, which requires a "substantial step" toward completion, is a "violent felony" for the purpose of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which uses language similar to § 16. See 18 U.S.C. § 924(e) (defining "violent felony," in part, as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); United States v. Solomon, 998 F.2d 587, 589-90 (8th Cir.) (attempted burglary under Minnesota law, which requires a "substantial step" toward completion, is a violent felony for the purpose of 18 U.S.C. § 924(e)), cert. denied, 510 U.S. 1026, 114 S.Ct. 639, 126 L.Ed.2d 598 (1993); see also United States v. Thomas, 2 F.3d 79, 80 (4th Cir.1993) (applying § 924(e) to New Jersey's attempted-burglary law), cert. denied, 510 U.S. 1166, 114 S.Ct. 1194, 127 L.Ed.2d 543 (1994).
Finally, the court is not convinced by defendant's argument that, because neither second-degree robbery nor attempted second-degree robbery is a "Dangerous felony" under Missouri law, he did not have a qualifying conviction for § 931(a) purposes. The fact that Missouri categorizes *1057 some crimes as dangerous felonies, see Mo.Rev.Stat. § 556.061(8), and generally requires that persons convicted of those crimes serve at least eighty-five percent of the prison term imposed, see Mo.Rev.Stat. § 558.019.3, has no effect on § 16's definition of "crime of violence." Defendant does not direct the court's attention to any case that supports his novel argument, and the court knows of none.
For these reasons,
IT IS HEREBY ORDERED that, upon probable cause having been shown, these proceedings are continued for further proceedings before the grand jury.