UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WILLIAM DAVID CLAPP, JR.,
          *Defendant-Appellant.*

No. 03-4206

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-02-67)

Submitted: August 5, 2003

Decided: August 21, 2003

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

Brian M. Ely, JESSEE, READ & ELY, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William David Clapp appeals his 180-month sentence imposed pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000), for a violation of 18 U.S.C. § 922(g)(1) (2000). Clapp's sole argument on appeal is that the district court erred in sentencing him as an armed career criminal because his 1976 Tennessee conviction for attempted second degree burglary is not a "violent felony" under § 924(e). We affirm.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon to possess a firearm. An individual who violates § 922(g) faces a minimum fifteen-year sentence if he has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). To constitute a violent felony for purposes of armed career criminal offender status, the potential for injury is determinative. The court must focus on the fact of conviction and the statutory definition of the crime, rather than on the underlying facts of a particular conviction. *Taylor v. United States*, 495 U.S. 575, 600-01 (1990). This court reviews legal issues concerning sentences de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Similarly, the legal determinations attendant to the application of the Armed Career Criminal Act are analyzed de novo. *See* 18 U.S.C. § 924(e)(1) (2000); *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

We have reviewed the record and the parties' submissions and find this appeal foreclosed by our decisions in *United States v. Custis*, 988 F.2d 1355 (4th Cir. 1993) (holding that attempted breaking and entering under Maryland law is a "violent felony" for purposes of 924(e) because of its potential for physical confrontation), and *United States v. Thomas*, 2 F.3d 79 (4th Cir. 1993) (same for attempted burglary under New Jersey law). Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*