Gregory ZABOROWSKI, Petitioner

v.

PENNSYLVANIA STATE POLICE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 2005.

Decided Feb. 9, 2006.

Dennis Mark, Simpson, for petitioner.

Tara L. Patterson, Asst. Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Gregory Zaborowski petitions this Court to review an order of an administrative law judge (ALJ) of the Office of Attorney General that sustained a decision of the Pennsylvania State Police denying Zaborowski's application for a license to carry a firearm. In this case we consider (1) whether certain crimes for which Zaborowski was convicted in New Jersey disqualified him from obtaining a license under the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. §§ 6101–6126, and the Federal Gun Control Act of 1968 (Gun Control Act), 18 U.S.C. §§ 921–931, and (2) whether the ALJ should have ordered State Police to correct certain errors in Zaborowski's criminal history record.

On September 22, 2003, Zaborowski applied to the Sheriff of Wayne County, Pennsylvania, for a license to carry a firearm.[1] The sheriff's office requested a criminal history search from State Police. The Pennsylvania Instant Check System (PICS) indicated three disqualifying felony convictions from New Jersey. The first occurred following Zaborowski's indict-

ment in Monmouth County in 1981 for possessing a handgun without a permit. N.J. Stat. Ann. § 2C:39–5(d). On June 15, 1982, Zaborowski pleaded guilty to unlawful possession of a weapon, which is graded as a fourth degree crime under the New Jersey Crimes Code. *Id.* He was sentenced to a probationary period of one year. In November 1982, Zaborowski was indicted in Ocean County for burglary. He pleaded guilty to the lesser offense of theft of an amount less than $200, which is a disorderly persons offense in New Jersey. N.J. Stat. Ann. § 2C:20–2(b)(3). Zaborowski's six-month prison sentence for the theft conviction was suspended and he was sentenced to two years probation. Finally, in October 1982, Zaborowski was indicted in Hudson County for sexual assault and related charges. He pleaded guilty to the lesser offense of criminal sexual contact, which is a fourth degree crime. N.J. Stat. Ann. § 2C:14–3(b). Zaborowski was sentenced to three months in prison and 18 months probation for this final offense.

Based on the foregoing records, State Police denied Zaborowski's application for a license to carry a firearm. Zaborowski appealed the denial to the Firearms Division of State Police. The Firearms Division affirmed the denial, stating in a letter to Zaborowski dated September 30, 2003, that "[y]our conviction for Possession Weapon in 1981, Larceny in 1982, and Sexual Assault in 1983 is prohibiting. This offense is outlined in 18 Pa.C.S. § 6109(e) as prohibiting for a license to carry." Reproduced Record at 43a–44a (R.R. ___).[2] Zaborowski appealed State Police's final

---

1. Section 6109 of the Uniform Firearms Act requires an individual to apply to the sheriff of the county in which he resides for a license to carry a firearm. 18 Pa.C.S. § 6109(b). The sheriff is responsible for, *inter alia,* investigating the applicant's record of criminal convictions, including whether or not the ap-

plicant has ever been convicted of a crime punishable by imprisonment exceeding one year. 18 Pa.C.S. § 6109(d).

2. *See* n. 5, *infra* for the relevant text of Section 6109(e) of the Uniform Firearms Act.

decision to the Office of Attorney General,[3] and the matter was assigned to an ALJ.

The ALJ conducted a hearing on May 25, 2004. At the hearing, State Police stipulated that the offense described in its September 30, 2003, letter as "Larceny in 1982" was not a basis for denying Zaborowski's permit since that charge had been reduced to theft under $200 pursuant to Zaborowski's plea agreement. State Police stipulated to the correct designation of the two remaining offenses as unlawful possession of a weapon and criminal sexual contact, and further stipulated that those offenses formed the basis for denying Zaborowski's permit. State Police also stipulated that its denial was not based on any of the disqualifying offenses enumerated in Section 6105(b) of the Uniform Firearms Act. The ALJ affirmed State Police's decision to deny Zaborowski a carry license. Zaborowski now petitions this Court to review the ALJ's order.

On appeal,[4] Zaborowski raises several issues that may be summarized as follows. He argues, first, that the ALJ erred in affirming State Police's denial of his request for a license to carry a firearm because his New Jersey convictions were not serious enough to be disqualifying. He also contends that the ALJ erred by failing to order State Police to correct the erroneous designations of the New Jersey convictions contained in his Pennsylvania criminal history record.

In his first issue, Zaborowski contends that, contrary to the ALJ's ruling, he was not disqualified under either the Uniform Firearms Act or the Gun Control Act from obtaining a license to carry a firearm. We disagree.

■ Section 6109 of the Uniform Firearms Act provides that an individual who has been convicted of a crime punishable by a term of imprisonment exceeding one year is disqualified from obtaining a firearm license. 18 Pa.C.S. § 6109(e)(1)(viii).[5] Similarly, the Gun Control Act provides that it shall be unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to

3. This procedure is prescribed by Section 6111.1 of the Uniform Firearms Act, which provides as follows:

(e) Challenge to records.—Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history ... pursuant to a denial by the instantaneous records check in accordance with procedures established by the Pennsylvania State Police. The decision resulting from a challenge under this subsection may be appealed to the Attorney General within 30 days of the decision by the Pennsylvania State Police. The decision of the Attorney General may be appealed to the Commonwealth Court in accordance with court rule. 18 Pa.C.S. § 6111.1(e).

4. Our scope of review is limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bellum v. Pennsylvania State Police,* 762 A.2d 1145, 1147 n. 6 (Pa.Cmwlth.2000).

5. It provides:

(e) Issuance of license.—
(1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:

* * *

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

possess a firearm. 18 U.S.C. § 922(g)(1).[6] The two relevant New Jersey convictions, unlawful possession of a weapon and criminal sexual contact, have been classified by the New Jersey legislature as crimes of the fourth degree. In New Jersey, conviction of a crime of the fourth degree is punishable by up to 18 months imprisonment. N.J. Stat. Ann. § 2C:43–6. Thus, Zaborowski's two New Jersey convictions for crimes punishable by more than one year in prison disqualify him under Section 6109(e)(1)(viii) of the Uniform Firearms Act and Section 922(g)(1) of the Gun Control Act.[7]

■ Zaborowski counters by pointing to an exclusion found in the Uniform Firearm Act's definition for a "crime punishable by imprisonment exceeding one year" if it is a State offense "classified as [a misdemeanor] and punishable by a term of imprisonment not to exceed two years." 18 Pa.C.S. § 6102. The Gun Control Act contains a virtually identical exclusion: "The term 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). Zaborowski argues that his two New Jersey convictions for crimes of the fourth

degree should be classified as misdemeanor offenses and, since they were punishable by less than two years imprisonment, the exclusions in both statutes apply. State Police contends that Zaborowski's argument fails because New Jersey does not classify a fourth degree crime as a misdemeanor. The ALJ accepted State Police's view, and so do we.

By way of background, New Jersey formerly classified crimes as felonies, high misdemeanors, misdemeanors and disorderly persons offenses. *United States v. Thomas*, 2 F.3d 79, 81 (4th Cir.1993). The state abandoned its common law classifications in 1979 and redefined all non-capital offenses as either "crimes" or "disorderly persons offenses." N.J. Stat. Ann. §§ 2C:1–4(a) and (b), 2C:1–5(a). The category of "crimes" was further subdivided into degrees, ranging from first degree (the most aggravated) to fourth degree (the least aggravated). Disorderly persons offenses and petty disorderly offenses are not considered crimes in New Jersey. N.J. Stat. Ann. § 2C:1–4(b). A person charged with such an offense has no right to indictment by grand jury nor the right to a jury trial, and a conviction for a disorderly persons offense "shall not give rise to any disability or legal disadvantage." *Id.*

---

18 Pa.C.S. § 6109(e)(1)(viii).

**6.** Section 922(g)(1) of the Gun Control Act provides as follows:

(g) It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1).

**7.** Zaborowski argues that the ALJ erred by relying on the Uniform Firearms Act because

State Police stipulated at the hearing that he was not disqualified under that statute from possessing or carrying a firearm. This is not true. State Police stipulated that there were no disqualifying offenses under Section 6105(b) of the Uniform Firearms Act, which provides that an individual convicted of certain offenses enumerated in that section, or an equivalent offense outside the Commonwealth, is prohibited from possessing, using or controlling a firearm in Pennsylvania. 18 Pa.C.S. § 6105. State Police specifically reserved its challenge to Zaborowski's application based on Section 6109 of the Uniform Firearms Act, 18 Pa.C.S. § 6109. Notes of Testimony, ALJ Hearing, May 25, 2004, at 7–8; R.R. 68a–69a.

Zaborowski does not cite any New Jersey case law to support his assertion that fourth degree crimes are equivalent *per se* to common law misdemeanor offenses. Instead, Zaborowski relies upon two provisions in the New Jersey Crimes Code that he contends support his position. The first of these is Section 2C:43–1(b), which provides, in pertinent part, that

> Except as provided in sections 2C:1–4c. and 2C:1–5b. and notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a misdemeanor shall constitute for the purpose of sentence a crime of the fourth degree.

N.J. Stat. Ann. § 2C:43–1(b). The second statutory provision, at Section 2C:1–4(d), provides:

> Subject to the provisions of section 2C:43–1, reference in any statute, rule, or regulation outside the code to the term 'high misdemeanor' shall mean crimes of the first, second, or third degree and reference to the term 'misdemeanor' shall mean all crimes.

N.J. Stat. Ann. § 2C:1–4(d). Applying reverse logic, Zaborowski argues that since his crimes were graded as fourth degree offenses, they constitute misdemeanors under New Jersey law, thereby removing the

offenses as prohibitors under Section 6109 of the Uniform Firearms Act and Section 922 of the Gun Control Act.

We disagree with Zaborowski's novel interpretation of New Jersey criminal law. The sections upon which he relies, cited above, pertain to the grading of crimes outside the New Jersey Crimes Code. This suggests that the New Jersey legislature has identified criminal offenses in other statutes, much like Pennsylvania's General Assembly has done with environmental crimes, and has retained the common law classification of "misdemeanor" for some of those crimes. The cited provisions indicate only that such crimes are, for purposes of sentencing, equivalent to fourth degree crimes in the Crimes Code. It does not necessarily follow that all fourth degree crimes in the Crimes Code are misdemeanors. Even if we did find merit to Zaborowski's argument, we would be reluctant to take such interpretive liberties with New Jersey's offense-grading system, especially for purposes of applying the disqualifying provisions of the federal Gun Control Act. The ALJ was justifiably reluctant to extend New Jersey law without any guidance from that jurisdiction.[8]

Zaborowski also challenges the accuracy of his criminal history record information,

---

**8.** We note that the United States Court of Appeals for the Fourth Circuit has rejected an argument similar to that raised by Zaborowski. *See United States v. Thomas*, 2 F.3d 79 (4th Cir.1993) (holding that defendant's prior New Jersey conviction for aggravated assault was a "violent felony" for purposes of the Gun Control Act and rejecting defendant's argument that New Jersey's classification of offense as a fourth degree crime was analogous to common law misdemeanor). Absent any direct guidance from a New Jersey court, we are inclined to follow the persuasive reasoning of the Fourth Circuit.

New Jersey courts have, in fact, rendered decisions suggesting an interpretation contrary to that asserted by Zaborowski. For example, in *Serio v. Allstate Insurance Co.*, 210 N.J.Super. 167, 509 A.2d 273 (1986), a plaintiff who was involved in an automobile accident following a high-speed police chase was denied personal injury protection benefits under New Jersey's no-fault insurance act. The Superior Court, Appellate Division, noted in dicta that "[s]ince [plaintiff] was convicted of a fourth degree crime as a result of this accident, and fourth degree crimes are punishable by a prison term of up to eighteen months ... the accident could be found to have occurred while he was committing a 'felony'". *Id.* at 277 n. 1 (citation omitted). *See also Cherrits v. Village of Ridgewood*, 311 N.J.Super. 517, 710 A.2d 586, 593 (1998) (citing with approval a police department policy manual equating first, second, third and fourth degree crimes with "felonies").

which, according to State Police's September 30, 2003, denial letter, includes three felony convictions in New Jersey: (1) Kidnapping, Possession Weapon; (2) Larceny, Burglary; and (3) Sexual Assault. R.R. 44a. Zaborowski contends that State Police should have corrected his record to reflect the lesser charges to which he pleaded guilty. Zaborowski further contends that the ALJ erred by failing to order State Police to make these corrections.

While this aspect of Zaborowski's appeal is based on Section 6111.1(e) of the Uniform Firearms Act, the applicable administrative procedures for challenging the accuracy of a criminal history record are outlined in the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§ 9101–9183.[9] State Police bears the burden of proving the accuracy of a challenged record. *Pennsylvania State Police v. McPherson*, 831 A.2d 800, 805 (Pa. Cmwlth.2003).

■ State Police stipulated before the ALJ that Zaborowski was actually convicted of (1) unlawful possession of a weapon, (2) theft of less than $200 and (3) criminal sexual contact, rather than the corresponding offenses for which he was indicted: kidnapping, possession of a weapon; larceny, burglary; and sexual assault. By doing so, State Police conceded that Zaborowski's criminal history record was inaccurate. He is therefore entitled to have his criminal history record updated to reflect the correct offenses. However, for the reasons set forth in our discussion of Zaborowski's first issue, State Police is not obligated to reclassify the New Jersey offenses as misdemeanors, or delete refer-

---

9. The salient procedural provisions are contained in Section 9152. It provides:

‡ ‡ ‡

(b) Requests for information.—Any individual requesting to review his or her own criminal history record information shall submit proper identification to the criminal justice agency which maintains his or her record. Proper identification shall be determined by the officials of the repository where the request is made. If criminal history record information exists the individual may review a copy of such information without undue delay for the purpose of review and challenge.

(c) Challenge of accuracy.—The individual may challenge the accuracy of his or her criminal history record information by specifying which portion of the record is incorrect and what the correct version should be. Failure to challenge any portion of the record in existence at that time will place the burden of proving the inaccuracy of any part subsequently challenged upon the individual. Information subsequently added to such record shall also be subject to review, challenge, correction or appeal.

(d) Review of challenge.—All criminal justice agencies shall have 60 days to conduct a review of any challenge and shall have the burden of proving the accuracy of the record. If the challenge is deemed valid, the appropriate officials must ensure that:

(1) The criminal history record information is corrected.

(2) A certified and corrected copy of the criminal history record information is provided to the individual.

(3) Prior erroneous criminal history record information disseminated to criminal justice agencies shall be destroyed or returned and replaced with corrected information.

(4) The individual is supplied with the names of those noncriminal justice agencies and individuals which have received erroneous criminal history record information.

(e) Appeals.—

(1) If the challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency.

(2) The Attorney General shall have the authority to conduct administrative appeal hearings in accordance with the Administrative Agency Law.

(3) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved individual.

18 Pa.C.S. § 9152.

ences to felony convictions. Indeed, it would not be an appropriate function of State Police, the Office of Attorney General or this Court to regrade convictions from another state. If Zaborowski wishes to obtain such relief his recourse is to petition the appropriate authorities in New Jersey.

For the above-stated reasons, we affirm the ALJ's order with respect to State Police's denial of Zaborowski's application for a license to carry a firearm in Pennsylvania. We remand this matter to the ALJ for the limited purpose of directing State Police to correct Zaborowski's Pennsylvania criminal history record to reflect crimes for which he was actually convicted in the State of New Jersey.

### ORDER

AND NOW, this 9th day of February, 2006, the order of the Administrative Law Judge, Office of Attorney General, in the above-captioned matter dated March 10, 2005, is hereby AFFIRMED. We REMAND this matter to the Administrative Law Judge for the limited purpose of directing the Pennsylvania State Police to correct Petitioner's Pennsylvania criminal history record to reflect crimes for which he was actually convicted in the State of New Jersey.