**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4815**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT DAWAYNE SMITH,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Andre M. Davis, District Judge. (1:07-cr-00580-AMD-1)

Submitted:  June 23, 2009        Decided:  July 10, 2009

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Flohr, BLACKFORD & FLOHR, LLC, Severna Park, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Cheryl L. Crumpton, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dawayne Smith was convicted of possession of a firearm by a convicted felon and sentenced to the statutory mandatory minimum sentence of 180 months imprisonment. On appeal, Smith challenges both his conviction and sentence. We affirm.

I.

Smith first asserts that the district court erred in denying his motion for a mistrial based on the untimely disclosure of a police report. According to Smith, his theory of the defense was that the police did not do a thorough investigation to determine the owner of the firearm at issue, and counsel spoke in his opening argument about that fact that, of all the police officers involved, only Officer Mezan created a report. Smith's counsel highlighted this fact in attempting to create a picture of lackadaisical police procedure. Thus, Smith asserts that counsel's credibility was "irreparably damaged" when a second police report authored by Mezan surfaced.

We review the denial of a motion for a mistrial for abuse of discretion. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997) (stating that a district court's ruling denying a motion for a mistrial "will be disturbed only under the most extraordinary of circumstances"). "In order for the

2

trial court's ruling to constitute such an abuse of discretion, the defendant must show prejudice." United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Reversal is required only if there is a clear abuse of discretion and a "reasonable possibility that the jury's verdict was influenced" by the error. United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992). Because our review of the record clearly shows that Smith cannot show any prejudice from the untimely production of the second police report, his claim fails.

## II.

Smith asserts that the court's requirement that a United States Marshal escort Smith to the bench during voir dire was prejudicial, especially in the absence of a finding that Smith was dangerous. Because Smith did not object below, the issue is reviewed for plain error. To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating defendant bears burden of establishing each of the plain error requirements).

A court's decision with regard to a security measure is subject to limited review for abuse of discretion. See

United States v. Samuel, 431 F.2d 610, 615 (4th Cir. 1970). Here, the court's requirement was apparently standard practice. Moreover, the court offered Smith an accommodation, whereby he could still participate in voir dire while remaining seated at counsel table. Smith voluntarily chose to approach the bench, ostensibly so that the jurors could view him at close range, knowing that a Marshal would escort him. Especially given that Smith had a lengthy criminal record and was in custody on a firearm charge, we find no error in the district court's requirement, even in the absence of an explicit finding of dangerousness. Further, even if the court's decision was error, due to the overwhelming evidence against Smith, he cannot show that the error affected his substantial rights. Accordingly, this claim is without merit.

## III.

Smith asserts that evidence that the firearm was manufactured in a different state and then transported to Maryland was insufficient to establish the interstate nexus element of the charge against him. However, as Smith concedes, our precedent holds that such evidence is sufficient. See United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001); United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997).

4

Smith raises several conclusory challenges to the predicate offenses used to establish his Armed Career Criminal status. A defendant is an armed career criminal when he violates 18 U.S.C. § 922(g)(1) (2006) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1) (2006). Smith's predicate convictions listed in the presentence report ("PSR") are as follows: (1) a conviction for Conspiracy to Commit Robbery with Deadly Weapon, (2) a conviction for Second Degree Assault, and (3) two convictions for Manufacture, Distribution, or Dispensation of a Controlled Dangerous Substance.

Smith first asserts that the two prior drug felonies should not have been counted separately because they were consolidated. However, it is undisputed that the offenses occurred on different dates and were separated by an intervening arrest. See U.S. Sentencing Guidelines Manual § 4A1.2 comment. (n.3) (2007) (prior sentences are not related if offenses were separated by intervening arrest). Further, the PSR provides no indication that Smith's convictions were consolidated for sentencing, and Smith provides no evidence in this regard. Absent formal consolidation, a single sentencing proceeding and concurrent sentences do not make convictions related for

criminal history purposes.  United States v. Allen, 50 F.3d 294, 296-98 (4th Cir. 1995).

Next, Smith asserts that, because the two drug offenses involved small amounts of drugs and money, they should not have been considered "serious drug offenses" as defined by the Armed Career Criminal Act ("ACCA").  A serious drug offense under the ACCA is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii) (2006).  It is undisputed that Smith's predicate drug offenses satisfy this definition; thus, the quantity of drugs or currency involved in each offense is irrelevant.

Finally, Smith asserts that his misdemeanor assault was not a "violent felony" because it resulted in a suspended sentence.  Smith is incorrect.  The PSR shows that, rather than a suspended sentence, Smith was sentenced to a year of probation.  Further, the relevant inquiry under the ACCA is the maximum penalty to which the defendant was subject.  Because it is undisputed that Smith faced a maximum ten-year sentence on the assault charge, it was properly characterized as a violent felony.  See United States v. Thomas, 2 F.3d 79, 81 (4th Cir. 1993).

6

V.

Smith contends that the statutory mandatory minimum was cruel and unusual punishment given that he had never been given drug treatment and that his previous sentences were significantly shorter. However, Smith recognizes that his argument is not legally cognizable. "The Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006). Though "[s]evere, mandatory penalties may be cruel, . . . they are not unusual in the constitutional sense." Harmelin v. Michigan, 501 U.S. 957, 994 (1991).

Based on the foregoing, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED