**Neil CHRISMAN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2003.
Decided May 19, 2003.

W. Thomas McGough, Jr., Pittsburgh, for petitioner.

Terrance Edwards, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, LEAVITT, Judge.

OPINION BY President Judge COLINS.

In this case of first impression, this Court must determine whether an out-of-state conviction for driving under the influence of alcohol renders a Pennsylvania license driver ineligible to receive an Occupational Limited License.[1] We affirm the decision of the hearing officer denying the issuance of an occupational limited license.

On December 20, 2000, the Department of Transportation (Department) notified Chrisman that pursuant to the Drivers License Compact of 1961 (Compact)[2] his Pennsylvania driving privilege would be suspended for a period of one year. The suspension was based on Chrisman's October 6, 2000 Florida conviction for driving under the influence, which conviction according to the notice, is equivalent to a conviction under 75 Pa.C.S. § 3731 for

---

1. 75 Pa.C.S. § 1533.

2. 75 Pa.C.S. §§ 1581–1585.

driving under the influence of alcohol and/or a controlled substance. Thereafter, in accord with the provisions of the Compact and Section 3731 of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 3731 Chrisman's driving privilege in Pennsylvania was suspended for one year effective January 24, 2001. Chrisman vigorously pursued his appellate rights, and on November 26, 2001 this Court reversed a decision of the Allegheny County Court of Common Pleas and ordered the reimposition of the one-year license suspension. On January 16, 2002, the Department notified Chrisman that his license was suspended for one year effective February 21, 2002.

On January 16, 2002 Chrisman submitted an application for an occupational limited license (OLL). The Department denied the application on the basis that Chrisman was ineligible under 75 Pa.C.S. § 1553(d). Chrisman's administrative appeal from that decision was denied on July 2, 2002. Following the denial of exceptions, the hearing officer's proposed report denying eligibility on the basis of 75 Pa. C.S. § 1553(d)(16) was made final on September 17, 2002. Chrisman then filed in Commonwealth Court a petition for review in the nature of an appeal from the September 17, 2002 decision of the hearing officer.

■ Before this Court,[3] Chrisman contends that the underlying criminal citation at issue involves an out-of-state DUI conviction, and that therefore, the denial of the occupational limited license was pursuant to 75 Pa.C.S. § 1553(d)(16), which is applicable where a person's operating privilege has been suspended pursuant to an interjurisdictional agreement. He further asserts that the applicability of the section

is dependent upon the two offenses being equivalent offenses. Finally, he asserts herein, that the Florida DUI statute is not equivalent to Pennsylvania's DUI statute; therefore, for the purpose of determining eligibility there is no equivalent offense barring his eligibility to receive an OLL. The basis for this contention is the fact that Florida's DUI statute requires a lesser *per se* degree of impairment than does Pennsylvania's DUI statute.

The Department posits that Chrisman's application was denied pursuant to 75 Pa. C.S. § 1553(d)(6), which prohibits the issuance of an OLL to any person who has been convicted of DUI unless the suspension or revocation imposed for the conviction has been fully served. In support thereof, the Department points to the testimony of Darlene Savercool, manager for the Bureau of Driver Licensing, that the request for an OLL was denied on the basis of Section 1553(d)(6) of the Vehicle Code. (Notes of Testimony, p. 8.)

The threshold issue is whether the conclusion of ineligibility was based on subsection (d)(6) or subsection (d)(16) of 75 Pa. C.S. § 1553. While the evidence of record in the form of the direct testimony of Linda Savercool suggests that the denial was pursuant to subsection (d)(6) of 75 Pa.C.S. § 1553, that testimony was discounted by the hearing officer who issued his determination and concluded that pursuant to subsection (d)(16) of 75 Pa.C.S. § 1553 Chrisman was ineligible for an OLL. The Department did not file exceptions to the hearing officer's findings, and the report was made final. We find no error in the hearing officer's conclusion that the Department denied Chrisman an OLL pursuant to 75 Pa.C.S. § 1553(d)(16).

**3.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the trial judge committed constitutional violations or errors of law. 2 Pa.C.S. § 704; *Bourdeev v. Commonwealth*, 755 A.2d 59 (Pa.Cmwlth. 2000), *petition for allowance appeal granted*, 565 Pa. 650, 771 A.2d 1288 (2001).

■ Section 1553—Occupational limited license prohibits the issuance of an OLL to:

. . . .

(d)(6) Any person who has been adjudicated delinquent or convicted of driving under the influence of alcohol or controlled substance unless the suspension or revocation imposed for that conviction has been fully served.

. . . .

(d)(16) Any person whose operating privilege has been suspended under an interjurisdictional agreement as provided for in section 6146 as the result of a conviction or adjudication if the conviction or adjudication for an equivalent offense in this Commonwealth would have prohibited the issuance of an occupational limited license.

75 Pa.C.S. § 1553(d)(6), (d)(16). In reading the statute, the statute must be read as a whole so as to give meaning to all the parts. 1 Pa.C.S. § 1922. Therefore, the general language cannot be read so broadly as to render meaningless the specific language in the statute; instead, the specific language must be permitted to give meaning to the statute. 1 Pa.C.S. § 1922(2); *Fairmount Insurance Co. v. Insurance Department*, 85 Pa.Cmwlth. 131, 481 A.2d 696 (1984). *Sub judice*, Section 75 Pa.C.S. § 1553(d)(16) specifically references interjurisdictional agreements and cross-references to 75 Pa.C.S. § 6146(2) which section pertains to Enforcement Agreements. Section 6146, 75 Pa.C.S. § 6146(2), specifically allows the Department to enter into interjurisdictional agreements to suspend or revoke the operating privilege of Pennsylvania licensed drivers who are convicted in another state of any offense essentially similar to those enumerated in Section 1532(a) and

(b). 75 Pa.C.S. § 6146(2). Relying on the general rules of statutory construction which require that specific sections of a statute be given effect we conclude that the Legislature intended that Section (d)(16) govern the denial of an OLL as a result of an out-state-DUI conviction.

We now consider whether the terms "equivalent" offense and "substantially similar" offense can be reconciled for the purpose of determining a licensee's eligibility for an OLL pursuant to 75 Pa.C.S. § 1553(d)(16).

Section 1553(d)(16) provides that an OLL cannot be issued to:

Any person whose operating privilege has been suspended under an interjurisdictional agreement as provided for in section 6146 as the result of a conviction or adjudication if the conviction or adjudication for an equivalent offense in this Commonwealth would have prohibited the issuance of an occupational limited license.

75 Pa.C.S. § 1553(d)(16).

In Florida, operation of a motor vehicle with a blood alcohol level of .08 or higher is a *per se* violation of Florida's DUI statute, whereas, a *per se* violation of the Pennsylvania DUI statute results from the operation of a motor vehicle with a blood alcohol level of .10 or higher. Chrisman was convicted of DUI in Florida as a result of a operating a motor vehicle with a .08 blood alcohol level. As a result his Pennsylvania driving privilege was suspended, and he has been denied an OLL. He argues now that the disparity between the two states' *per se* levels of intoxication for purposes of determining criminal conduct precludes the conclusion that the respective statutes governing DUI are equivalent for the purpose of determining eligibility for an occupational limited license, and he directs our attention to *Commonwealth v. Shaw*, 560 Pa. 296, 744 A.2d 739 (2000).

In *Shaw* the Supreme Court stated, "an equivalent offense is that which is substantially identical in nature and definition to the out-of-state federal offense when compared to the Pennsylvania offense." 560 Pa. at 304, 744 A.2d at 742 (quoting *Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172, 1175–76 (1987)). The test for determining an equivalent offense for sentencing purposes requires a comparison of the elements of the crimes, conduct prohibited by the offenses, and the underlying public policy behind the two criminal statutes. *Id.* In looking at the elements of the crimes, the sentencing court must carefully review the elements of the out-of-state offense in terms of classification of conduct proscribed, its definition of offense, and requirements of culpability. *Id.*

A comparison of the New York statute to the Pennsylvania statute revealed that the New York statute prohibited a person from operating a motor vehicle with any level of alcohol or drug-related impairment, whereas, the Pennsylvania statute protects against operation of a motor vehicle when a person is substantially impaired and/or where the driver's blood alcohol level is at .10 or higher. Noting the pronounced disparity between the two statutes, the Supreme Court concluded that for sentencing purposes New York's DUI offense is not equivalent Pennsylvania's DUI offense. *Id.*

■ In *Commonwealth v. Robertson*, 555 Pa. 72, 722 A.2d 1047 (1999), Mr. Justice Castille in an opinion in support of affirmance, upheld the Superior Court's conclusion that the Pennsylvania DUI offense and Maryland's 1988 DUI offense are equivalent for sentencing purposes. In reaching that conclusion, the Supreme Court compared the elements of the crimes, the conduct prohibited, and the underlying public policy of the two statutes. However, *Shaw* and *Robertson* involve the criminal aspect of DUI cases whereas the matter before this Court involves the civil consequences that flow from criminal conduct. Therefore, we rely on *Crytzer v. Department of Transportation, Bureau of Driver Licensing*, 770 A.2d 820 (Pa.Cmwlth.2001), *appeal denied*, 572 Pa. 712, 813 A.2d 845 (2002), to support our conclusion that the Pennsylvania and Florida DUI offenses are equivalent for the purposes of Section 1553(d)(16) of the Vehicle Code, 75 Pa.C.S. § 1553(d)(16).

The Court in *Crytzer* concluded that like Pennsylvania, Florida's DUI statute requires that the driver be under the influence of alcohol to the extent that the driver's normal faculties are impaired, or, that the driver have a blood alcohol level of .08 percent or higher. The blood alcohol level disparity did not render the two statutes dissimilar because Florida Stat. 316.1934(a) defines "under the influence" in a way consistent with the law in this Commonwealth. *See Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999) (description of driving under the influence means more than just one drink, but is not limited to some extreme condition of disability); *accord Florida v. Brown*, 725 So.2d 441 (Fla.Dist.Ct.App. 1999). Based thereon, the Court concluded that the Florida DUI offense is substantially similar to Pennsylvania's DUI offense. *See also Lafferty v. Department of Transportation Bureau of Driver Licensing*, 735 A.2d 1289 (Pa.Cmwlth.1999), *appeal denied*, 563 Pa. 622, 757 A.2d 936 (2000). We turn now to whether the Florida DUI conviction is equivalent to a Pennsylvania conviction.

The term "equivalent" is not defined by Pennsylvania Vehicle Code nor by the Compact; therefore, we rely on its ordinary meaning as set forth in Webster's New Collegiate Dictionary which is "equal

in force." Thus, we must determine whether the Florida DUI statute is "equal in force" to the Pennsylvania DUI statute.

 Both statutes prohibit a person from operating a motor vehicle when the amount of alcohol consumed impairs the person's ability to operate the vehicle prudently. The *per se* or *prima facie* evidentiary requirement that establishes impairment differs, but that difference is negated by the consistent language found in both statutes that prohibits operating a motor vehicle when alcohol has impaired one's judgment. Because Pennsylvania's DUI statute is consonant with Florida's DUI law, we conclude that Florida's DUI offense and Pennsylvania's DUI offense are equivalent for the purpose of determining eligibility for an occupational limited license. Clearly, an occupational limited license cannot be issued to any person who has not served the sentence imposed as a result of an in-state conviction for driving under the influence, 75 Pa.C.S. § 1553(d)(6), or an out-of-state conviction for driving under the influence imposed as a result of an interjurisdictional agreement, 75 Pa.C.S. § 1553(d)(16).

Furthermore, in Chrisman's appeal of his license suspension, this Court affirmed Chrisman's license suspension and held that the language in the Florida DUI statute had the effect of defining an offense that is substantially similar to Article IV(a)(2) of the Compact. The Compact defines a conviction as "any offense related to the use or operation of a motor vehicle which is prohibited by state law . . . and which . . . is reported to the licensing authority." 75 Pa.C.S. § 1581, Article II(c). Therefore, the Department was required to treat Chrisman's Florida DUI conviction as if it was a Pennsylvania DUI conviction, and, Chrisman is disqualified from being issued an occupational limited license. 75 Pa.C.S. § 1553(d)(16). The

hearing officer committed no error in his decision.

Accordingly, the order of the hearing officer is affirmed.

## ORDER

**AND NOW,** this 19th day of May 2003, the order of the Department of Transportation Hearing Officer in the above-captioned matter is affirmed.

Dissenting Opinion by Judge McGINLEY.

I respectfully dissent. Section 316.193 (Driving under the influence; penalties) of Title XXIII of the Florida Motors Vehicles Code (Florida's DUI Statute) provides:

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual control of the vehicle within this state and:

(a) the person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;

(b) *The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood;* or

(c) *The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.* (emphasis added).

Section 3731 of the Vehicle Code (Code), 75 Pa.C.S. § 3731 provides:

(a) **Offense defined.**-A person shall not drive, operate or be in actual control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

....

(4) While the amount of alcohol by weight in the blood of:

(i) *an adult is 0.10% or greater* ....
(emphasis added).

Here, there is no dispute that Neil Chrisman (Chrisman) operated a motor vehicle in Florida while having a blood-alcohol content of .09% and that such conduct was a violation of Florida's DUI Statute. However, if Chrisman's same conduct and blood-alcohol result occurred in Pennsylvania there would be no violation for driving under the influence of alcohol. Based upon these facts, the Secretary erred as a matter of law by concluding that Florida's and Pennsylvania's DUI statutes were "equivalent." I would reverse the order of the Secretary of Transportation and reinstate Chrisman's driving privilege.