Terry L. **FREEMAN**, Petitioner

v.

**PENNSYLVANIA STATE POLICE,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 23, 2010.

Decided June 30, 2010.

Reargument En Banc Denied
Aug. 27, 2010.

J. Michael McCormick, Verona, for petitioner.

John J. Herman, Asst. Counsel and Barbara L. Christie, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

Terry L. Freeman (Applicant) petitions for review from an order of an Administrative Law Judge (ALJ) of the Office of the Attorney General that sustained a decision of the Pennsylvania State Police (PSP) denying his application to purchase and carry a firearm. The basis for the denial is Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. § 6105 (Persons not to possess, use, manufacture, control, sell

or transfer firearms), which precludes a person convicted of a prohibited offensive weapon violation or similar out-of-state violation from purchasing a firearm in Pennsylvania.

In this appeal, Applicant argues his New York conviction for criminal possession of a weapon in the fourth degree, Section 265.01(1) of the Penal Law of the State of New York, N.Y. Penal Law 265.01, is not an offense equivalent to a prohibited offensive weapons violation in Pennsylvania. Upon review, we affirm.

In April 1986, Applicant pled guilty to criminal possession of a weapon in the fourth degree in New York (N.Y. Penal Law § 265.01) and paid the associated fine and surcharge. The Information states Applicant did intentionally, knowingly, and unlawfully possess a weapon, specifically a billy, while driving a motor vehicle.

In April 2008, a sporting goods store in Pennsylvania barred Applicant from purchasing a firearm after review of the Pennsylvania Instant Check System revealed the 1986 weapon conviction. Based on this information, Applicant's license to carry permit issued in Westmoreland County, Pennsylvania, was revoked. Applicant submitted his Pennsylvania Instant Check System Challenge Form. Thereafter, PSP confirmed his denial based on the disqualifying conviction. Applicant appealed to the Office of the Attorney General, which appointed an ALJ to conduct a hearing.

At hearing, PSP submitted certified copies of the Information/Complaint and Dispositional Report from Applicant's conviction in New York, as well as information regarding the Pennsylvania Instant Check

System Challenge. PSP offered the dictionary definition of "billy" and testimony regarding its meaning.

Applicant represented himself at the hearing. During the hearing, Applicant raised various challenges to the New York conviction. Both parties produced copies of Section 265.01(1) of the Penal Law of the State of New York.

After hearing, the ALJ sustained PSP's denial of Applicant's request for reinstatement of his firearms privileges. In the opinion, the ALJ properly determined Applicant could not collaterally attack his underlying criminal conviction.[1] The ALJ analyzed the New York statute and reviewed Applicant's conviction for possession of a billy. The ALJ further analyzed 18 Pa.C.S. § 908 (relating to "Prohibited offensive weapons") to determine whether the item in Applicant's possession that gave rise to the New York conviction was properly classified as a prohibitive offensive weapon in Pennsylvania. Ultimately, the ALJ found that PSP sustained its burden of supporting the denial of reinstatement of Applicant's firearm privileges. Applicant, now represented by counsel, appeals to this Court.

■ On appeal,[2] Applicant argues his New York conviction of criminal possession of a weapon in the fourth degree is not equivalent to a conviction in Pennsylvania for prohibited offensive weapons, 18 Pa.C.S. § 908.

In support of his position, Applicant argues this is a case of statutory construction, and, as such, he contrasts N.Y. Penal Law § 265.01 and 18 Pa.C.S. § 908. Applicant maintains N.Y. Penal Law § 265.01

---

1. This is not an issue on appeal.

2. Our review is "limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated". *Zaborowski v. Pa. State Police,* 892 A.2d 68, 70 (Pa.Cmwlth.2006) (citing 2 Pa.C.S. § 704; *Bellum v. Pa. State Police,* 762 A.2d 1145, 1147 n. 6 (Pa.Cmwlth.2000)).

is broader than 18 Pa.C.S. § 908. Applicant distinguishes the New York section from the Pennsylvania provision by highlighting Pennsylvania's common lawful purpose exception and lack of "billy" being specifically included in the list of prohibited weapons. Applicant highlights additional examples, such as firearms and knives, in an attempt to show the statutes are not exactly the same. Applicant also directs our attention to the other subsections of N.Y. Penal Law § 265.01, such as the school grounds prohibition and mental health disqualifications, and their Pennsylvania counterparts. Applicant further addresses the penalties for violation of both laws.

PSP responds that Applicant's conviction under N.Y. Penal Law § 265.01(1) is equivalent to a conviction under 18 Pa.C.S. § 908 because the elements of the crimes are identical. PSP asserts that a billy is an implement for the infliction of serious bodily harm that serves no common lawful purpose under 18 Pa.C.S. § 908. This assertion is primarily based on the definition of billy set forth by the Supreme Court of New York prior to Applicant's conviction. Significantly, in *People v. Talbert*, 484 N.Y.S.2d 680, 107 A.D.2d 842, 844 (N.Y.App.Div.1985), the court stated,

> In our view, based on the manner in which the statute is set forth, the term "billy" must be strictly interpreted to mean a heavy wooden stick with a handle grip, which from its appearance, is designed to be used to strike an individual and not for other lawful purposes.

To further support the conclusion that a billy constitutes a prohibited offensive weapon in Pennsylvania, PSP offers the definition of "billy club" in Section 3 of the

Lethal Weapons Training Act[3] ("A concealed billy club is a lethal weapon" and lethal weapons are "firearms and other weapons calculated to produce death or serious bodily harm."). PSP argues the similarities between the statutes are substantial, such as the intent to criminalize possession of forbidden weapons. As to the differences, PSP advocates that it is the specific subsection that is to be examined, rather than the entire statute.

According to the Uniform Firearms Act,

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**(b) Enumerated offenses.**-The following offenses shall apply to subsection (a): Section 908 (relating to prohibited offensive weapons).

\* \* \*

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

18 Pa.C.S. § 6105. An individual convicted of a crime set forth in 18 Pa.C.S. § 6105 is precluded from obtaining a license to carry a firearm pursuant to 18 Pa.C.S. § 6109(e)(1)(iii).

---

**3.** Act of October 10, 1974, P.L. 705, *as amended*, 22 P.S. § 43. PSP also submits that the definitions associated with the Lethal Weapons Training Program in the Pennsylvania Code provide that "[f]or purposes of this chapter, a nonconcealed billy club shall also be considered a lethal weapon." 37 Pa. Code § 21.1.

Both parties rely on analysis set forth in *Commonwealth v. Shaw,* 560 Pa. 296, 744 A.2d 739 (2000), and compare the elements of the crimes, the conduct prohibited, and the underlying public policy behind both laws. However, the denial of firearm privileges is a civil consequence resulting from criminal conduct.[4] Thus, although the parties direct our attention to *Shaw,* the issue before us requires examination in a civil context. *See Chrisman v. Dep't of Transp., Bureau of Driver Licensing,* 823 A.2d 1080 (Pa.Cmwlth.2003) (upholding the denial of an occupational limited license to an individual with an out-of-state conviction for driving under the influence using a civil analysis).

In *Chrisman,* the term "equivalent" was not defined in the applicable statutes. Likewise, it is not defined in the Uniform Firearms Act. Following *Chrisman,* the ordinary meaning, "equal in force", is accepted.

■ To determine the issue of equivalency, the necessary focus is on the elements of the offenses. *Shewack v. Dep't of Transp., Bureau of Driver Licensing,* 993 A.2d 916, (Pa.Cmwlth.2010) (citing *Aten v. Dep't of Transp., Bureau of Driver Licensing,* 168 Pa.Cmwlth. 251, 649 A.2d 732 (1994)). Further, "it is the offense and not the statute of the other state that must be essentially similar to the offense proscribed in Pennsylvania." *Shewack,* 993 A.2d at 919.

According to New York law at the time of Applicant's conviction, "[a] person is guilty of criminal possession of a weapon in the fourth degree when: (1) He possesses any firearm, electronic dart gun, gravity knife, switchblade knife, cane sword, *billy,* blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot." N.Y. Penal Law § 265.01 (emphasis added). Reproduced Record (R.R.) at 78a (Petitioner's Exhibit A), 95a (Respondent's Exhibit A).

Pursuant to Pennsylvania law, "[a] person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon." 18 Pa.C.S. § 908(a). "Offensive weapons" include:

[a]ny bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic or electric weapon *or other implement for the infliction of serious bodily injury which serves no common lawful purpose.*

18 Pa.C.S. § 908(c) (emphasis added).[5]

"No common lawful purpose" requires reasonable common sense application. *Commonwealth v. Karlson,* 449 Pa.Super. 378, 674 A.2d 249 (1996) (citing *Commonwealth v. Gatto,* 236 Pa.Super. 92, 344 A.2d 566 (1975)).

The description of the crime of criminal possession of a weapon in the fourth degree, N.Y. Penal Law § 265.01(1), simply includes possession and a prohibited weapon. Clearly, a billy is included as a prohib-

---

**4.** Section 6105(a.1) imposes criminal penalties in circumstances not present in the instant case. 18 Pa.C.S. § 6105(a.1).

**5.** The 1986 definition of "sawed-off shotgun" did not include the description "with a barrel less than 18 inches". After 1986, the following additional items were added: stun gun, stun baton, taser, and other electronic or electric weapons. These subsequent amendments do not impact our analysis.

ited weapon in New York. Applicant concedes he pled guilty to criminal possession of a weapon under New York Law. R.R. at 31 a–32a. Applicant further admits the Information charges him with possession of a billy. R.R. at 32a, 108a (Respondent's Exhibit B). Possession of a billy is, by itself, unlawful pursuant to N.Y. Penal Law § 265.01. *Talbert.*

 The description of the crime of prohibitive offensive weapons, 18 Pa.C.S. § 908, includes possession of an offensive weapon. For a conviction under Section 908, mere possession of a prohibitive offensive weapon is sufficient without any proof of intent. *Karlson; Gatto.*

The term "billy" is not specifically delineated in the list of prohibited items under 18 Pa.C.S. § 908. Therefore, the issue is whether a billy constitutes an implement for the infliction of serious bodily injury which serves no common lawful purpose. A billy is a stick used to beat somebody. R.R. at 38a. By the definition set forth in the New York case of *Talbert,* a billy inherently lacks a common lawful purpose.

The question involved in this appeal is whether the conviction under N.Y. Penal Law § 265.01(1) is equivalent to a conviction under 18 Pa.C.S. § 908. Therefore, it is not necessary to analyze every provision of N.Y. Penal Law § 265.01. *Cf. Aten* (finding Pennsylvania and West Virginia's offenses for driving without holding a commercial driver's license substantially similar based on essentially similar elements of the offenses despite an exception to avoid conviction in Pennsylvania's provision).

We conclude Applicant's conviction of criminal possession of a weapon in the fourth degree, N.Y. Penal Law § 265.01(1), for possession of a billy, is equivalent to conviction for prohibited offensive weapons under 18 Pa.C.S. § 908. Thus, he is precluded from having firearm privileges under the Uniform Firearms Act, 18 Pa.C.S.

§§ 6105 and 6109. For the above reasons, we affirm the order of the ALJ confirming the denial by PSP of Applicant's request for reinstatement of firearm privileges.

### ORDER

**AND NOW,** this 30th day of June, 2010, the order of the Administrative Law Judge, Office of Attorney General, in the above-captioned matter dated September 16, 2009 is **AFFIRMED.**