# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvase J. Spell,                                     :
                          Petitioner          :
                                              :
              v.                              :  No. 2267 C.D. 2014
                                              :  Submitted: September 11, 2015
Pennsylvania State Police,                    :
                          Respondent      :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  November 18, 2015**


Marvase J. Spell (Applicant), acting *pro se*,  petitions for review of an order of an Administrative Law Judge (ALJ) of the Office of Attorney General (Attorney General), affirming the Pennsylvania State Police's (PSP) denial of relief.  We now affirm.

Applicant applied for a license to carry a firearm, and the Allegheny County Sheriff's Office (Sheriff's Office) conducted an investigation and requested a criminal background check from the PSP.  The PSP conducted an instantaneous records check, which revealed convictions that prohibited the Sheriff's Office from issuing Applicant a license to carry a firearm.  For that reason, the Sheriff's Office refused to issue the license to Applicant.  Applicant then filed a challenge to the PSP's instantaneous records check under Section 6111.1(e) of the Pennsylvania Firearms Act of 1995 (Act), 18 Pa. C.S. § 6111.1(e).  The PSP denied Applicant's challenge, explaining that Applicant's

1999 first degree misdemeanor conviction for Unlawful Restraint (18 Pa. C.S. § 2902), 2001 conviction for Possession of a Controlled Substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act (The Controlled Substance Act),[1] and 2002 first degree misdemeanor conviction for Terroristic Threats (18 Pa. C.S. § 2706) constituted prohibiting convictions for the purpose of a license to carry pursuant to Section 6109(e) of the Act.[2]  (Reproduced Record (R.R.) at 46.)

An ALJ conducted a hearing on July 17, 2014.  (Certified Record (C.R.), App. G at 1.)  The PSP presented the testimony of Stephanie Dunkerly, a legal assistant supervisor of the PSP's PICS[3] Challenge Unit.  (*Id.* at 5.) Ms. Dunkerly indicated that Applicant's application was denied due to his convictions for Unlawful Restraint, Terroristic Threats, and Possession of a Controlled Substance.  (*Id.* at 6-10.)  The ALJ admitted into evidence records related to those convictions.  (*Id.*)  Applicant did not challenge the accuracy of the records.  (*Id.* at 12.)  He also did not assert that these convictions do not result in a firearms disability under Pennsylvania or federal law.  Rather, during the hearing, Applicant merely asserted that he should be relieved of his firearms disability pursuant to Section 6105(d) of the Act.[4]  (*Id.* at 14, 17.)  Although not the subject of testimony, documents submitted by Applicant suggest that he believed he

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-101-to-144.  Here, Applicant's conviction was under Section 13(a)(16) of The Controlled Substance Act, 35 P.S. § 708-113(a)(16).

[2] 18 Pa. C.S. § 6109(e).

[3] "PICS" is an acronym for the "Pennsylvania Instant Check System."

[4] 18 Pa. C.S. § 6105(d).

2

should be relieved from his firearms disability because he had not reoffended in more than ten years and had remained sober and narcotics-free during that time. (*Id.*, App G, Tab 1 at 66-67.) The ALJ affirmed the PSP's determination denying Applicant's application for a license to carry a firearm, and Applicant petitioned this Court for review. (R.R. at 60.)

On appeal,[5] Applicant appears to argue that the PSP erred in denying his application for a license to carry a concealed firearm because, he contends, he should be relieved of his firearms disability pursuant to Section 6105(d) of the Act, specifically the exemption set forth in subsection (3)(ii). Applicant also references Section 6105(e)(2)[6] and 6105.1[7] of the Act and contends that the PSP "should not continue to deny and obstruct [Applicant] from obtain[ing] relief from disability and make way for [Applicant] to regain and restore his right to obtain a license to carry a concealed firearm."[8] (Applicant's Br. at 6.)

Section 6105 of the Act[9] sets forth a list of offenses that disqualify an individual from *possessing, using, manufacturing, controlling, selling, or*

---

[5] Our review is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Freeman v. Pa. State Police*, 2 A.3d 1259, 1260 n.2 (Pa. Cmwlth. 2010).

[6] 18 Pa. C.S. § 6105(e)(2).

[7] 18 Pa. C.S. § 6105.1.

[8] To the extent that Applicant may have interspersed additional issues throughout his brief, he has failed to adequately articulate those issues in his statement of questions and failed to develop them in the argument section of his brief. *See* Pa. R.A.P. 2116 and 2119. The issues, therefore, are waived. *Van Duser v. Unemployment Comp. Bd. of Review*, 642 A.2d 544 (Pa. Cmwlth. 1994).

[9] 18 Pa. C.S. § 6105.

*transferring a firearm.*[10]  Section 6105(d) of the Act provides a means by which an applicant may obtain relief from the disability imposed by Section 6105.  Pursuant to Sections 6105(d) and (e) of the Act, upon application and hearing, the *court of common pleas* (not the PSP) shall grant such relief from the disability if it determines that the applicant meets the criteria.[11]

---

[10]  Applicant is prohibited from "possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by [S]ection 6105 of the Uniform Firearms Act" due to his convictions for Unlawful Restraint (under 18 Pa. C.S. § 2902) and an offense under The Controlled Substance Act.  *See* 18 Pa. C.S. §§ 6105(b), (c)(2).  Applicant is also prohibited "from possessing or acquiring a firearm" under the Section 922(g)(1) of the federal Gun Control Act, 18 U.S.C. § 922(g)(1), which provides, in part, that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.

[11]  Section 6105(d) of the Act provides:

A person who has been convicted of a crime specified in subsection (a) or (b) or a person whose conduct meets the criteria in subsection (c)(1), (2), (5), (7), or (9) *may make application to the court of common pleas* of the county where the principal residence of the applicant is situated for *relief from the disability imposed by this section upon the possession, transfer or control of a firearm.*  The court shall grant such relief if it determines that any of the following apply:

(1) The conviction has been vacated under circumstances where all appeals have been exhausted or where the right to appeal has expired.

(2) The conviction has been the subject of a full pardon by the Governor.

(3) Each of the following conditions is met:

(i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.

*(ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the*

**(Footnote continued on next page…)**

4

In the case now before the Court, pursuant to Section 6109 of the Act,[12] Applicant filed an application with a sheriff for a license to carry a firearm, which would allow him to carry a "firearm concealed on or about [his] person or in a vehicle throughout this Commonwealth."  This is different from an application filed pursuant to Section 6105(d) of the Act, which is filed with a court of common pleas for relief from disability to possess, use, manufacture, control, sell, or transfer a firearm.  Applicant appears to misapprehend the difference between the two applications and the relief available under each.  Section 6109, relating to

---

**(continued…)**

> *applicant of a crime enumerated in subsection (b), a felony violation of The Controlled Substance . . . Act or the offense which resulted in the prohibition under 18 U.S.C. § 922(g)(2).*

(Emphasis added.)

Section 6105(e) of the Act provides:

(1) If a person convicted of an offense under subsection (a),(b) or (c) (1), (2), (5), (7) or (9) *makes application to the court*, a hearing shall be held in open court to determine whether the requirements of this section have been met. The commissioner and the district attorney of the county where the application is filed and any victim or survivor of a victim of the offense upon which the disability is based may be parties to the proceeding.

(2) *Upon application to the court of common pleas* pursuant to paragraph (1) by an applicant who is subject to the prohibition under subsection (c)(3), the *court shall grant* such relief if a period of ten years, not including any time spent in incarceration, has passed since the applicant's most recent conviction under subsection (c)(3).

(Emphasis added.)  Although Applicant cites Section 6105(e)(2) in support of his argument, this section is only applicable to applications to a court of common pleas for relief from firearms disability imposed by Section 6105.  It is not applicable to challenge to the PSP's instantaneous records check in connection with the denial of a license to carry a firearm.

[12] 18 Pa. C.S. § 6109.

5

licenses to carry a firearm, is the relevant provision for purposes of Applicant's appeal—not Section 6105.

Section 6109(d) of the Act provides that, upon receipt of the application, the sheriff shall, among other things, investigate whether the applicant would be precluded from receiving a license under Sections 6109(e)(1) or 6105(h) of the Act.[13] Section 6109(d) of the Act requires the sheriff, as part of the investigation, to conduct a criminal background check following the procedures set forth in Section 6111 of the Act,[14] which mainly involves contacting the PSP to

---

[13] Section 6109(e)(1) of the Act provides, in part:

A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after investigation . . . , it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license *shall not be issued* to any of the following:

. . .

(ii) An individual who has been convicted of an offense under . . . The Controlled Substance, Drug, Device and Cosmetic Act.

. . .

(xiii) An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105.
(xiv) An individual who is prohibited from possessing or acquiring a firearm under the statutes of the United States.

(Emphasis added.) Unlike Section 6105 of the Act, Section 6109 provides no exemption that would provide relief from the firearm disability to an applicant seeking a license to carry a firearm. Section 6105(h) of the Act similarly provides that "[a]ny person who is prohibited from possessing, using, controlling, selling, purchasing, transferring or manufacturing any firearm under this section shall not be eligible for or permitted to obtain a license to carry a firearm under section 6109 (relating to licenses)."

[14] 18 Pa. C.S. § 6111.

request the PSP to conduct a criminal history check on the applicant. Relevant to the matter now before this Court, a sheriff shall not issue a license to an individual who has been convicted of an offense under The Controlled Substance Act or is "otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by [S]ection 6105 of the . . . Act" or "is prohibited from possessing or acquiring a firearm under the statutes of the United States." Sections 6109(e)(1)(ii), (xiii), and (xiv) of the Act, 18 Pa. C.S. §§ 6109(e)(1)(ii), (xiii), and (xiv). Here, the PSP's instantaneous records check revealed convictions that prohibited the Sheriff's Office from issuing Applicant a license to carry a firearm.

Pursuant to Section 6111.1(e) of the Act, a person who is denied the right to carry a firearm as a result of the PSP's instantaneous records check may *challenge the accuracy of the criminal history* set forth in the instantaneous records check. The PSP shall then "conduct a review of the accuracy of the information forming the basis for the denial and shall have the *burden of proving the accuracy of the record*." 18 Pa. C.S. § 6111.1(e) (emphasis added). If a challenge is ruled invalid, the person has the right to appeal the decision to the Attorney General. *Id.*

In the case at hand, Applicant followed the procedures to challenge the criminal history pursuant to Section 6111.1(e) of the Act. At the hearing, the PSP entered into evidence the underlying criminal records in order to meet its burden to prove the accuracy of the criminal history as set forth in the PSP's instantaneous records check. Applicant, however, did not then and does not now challenge the accuracy of the criminal history. Rather, Applicant argues that he should be entitled to an exemption from disability, but the Act does not authorize the PSP to grant exemptions from disability. Only the courts of common pleas can

7

perform that function within the confines of Section 6105. Because an appeal under Section 6111.1(e) is limited to considering the accuracy of the criminal history, we must conclude that the ALJ did not err in affirming the PSP's determination denying Applicant's challenge.[15]

---

[15] Applicant also referenced Section 6105.1 of the Act, pertaining to restoration of firearms rights for offenses under prior laws of this Commonwealth, in support of his argument. That section relates to an application made to the court of common pleas for restoration of firearms rights. Specifically, it provides, in part:

> (a) Restoration.--A person convicted of a disabling offense may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearms rights. The court shall grant restoration of firearms rights after a hearing in open court to determine whether the requirements of this section have been met unless:
>
> > (1) the applicant has been convicted of any other offense specified in section 6105(a) or (b) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms) or the applicant's conduct meets the criteria in section 6105(c)(1), (2), (3), (4), (5), (6) or (7);
> >
> > (2) the applicant has been convicted of any other crime punishable by imprisonment exceeding one year as defined in section 6102 (relating to definitions); or
> >
> > (3) the applicant's character and reputation is such that the applicant would be likely to act in a manner dangerous to public safety.

18 Pa. C.S. § 6105.1. For purposes of this section, "disabling offense" is defined as:

> A conviction for any offense which:
>
> > (1) resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; and
> >
> > (2) was a violation of either of the following:
> >
> > (i) the former act of May 1, 1929 (P.L. 905, No. 403), known as The Vehicle Code, or the former act of April 29, 1959 (P.L. 58, No. 32), known as The Vehicle Code; or

**(Footnote continued on next page…)**

8

Accordingly, we affirm the ALJ's order.


_____
P. KEVIN BROBSON, Judge


_____
**(continued…)**

> (ii) the former act of June 24, 1939 (P.L. 872, No. 375), known as the Penal Code.

> The definition shall not include any offense which, if committed under contemporary standards, would constitute a misdemeanor of the second degree or greater under section 2701 (relating to simple assault) and was committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent or guardian or by a person similarly situated to a spouse, parent or guardian of the victim.

18 Pa. C.S. § 6105.1(e). Like the other sections relied upon by Applicant, this section concerns an application filed with a court of common pleas, not a challenge to the PSP's instantaneous records check. Thus, it is not relevant to our analysis.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvase J. Spell,                                    :
                        Petitioner                   :
                                                     :
            v.                                       :    No. 2267 C.D. 2014
                                                     :
Pennsylvania State Police,                           :
                        Respondent                   :

## **O R D E R**

AND NOW, this 18th day of November, 2015, the order of the Administrative Law Judge of the Office of Attorney General is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge