IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos P. Maglas,                          :
                    Petitioner             :
                                           :  No. 1772 C.D. 2016
            v.                             :
                                           :  Argued:  September 14, 2017
Pennsylvania State Police,                 :
                    Respondent             :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  January 4, 2018


        Carlos P. Maglas petitions for review from the October 5, 2016 order
of an administrative law judge (ALJ) denying his appeal from the determination of
the Pennsylvania State Police (PSP) rejecting Maglas' application to purchase a
firearm.  As we are precluded from addressing the constitutional issue of sufficient
notice because Maglas failed to raise this issue in his petition for review, we are
constrained to affirm.

        The relevant facts are not in dispute.  On September 10, 2014, Maglas
submitted an application to purchase a firearm.  PSP denied Maglas' application
because he was convicted in 2005 of Driving Under the Influence of Alcohol or
Controlled Substance (DUI), a first-degree misdemeanor under the Vehicle Code.[1]

_____
[1] 75 Pa.C.S. §§101-9805.

The DUI conviction rendered Maglas ineligible to purchase a firearm under section 922(g)[2] of the Federal Gun Control Act (GCA), 18 U.S.C. §922(g). Maglas filed a Pennsylvania Instant Check System (PICS) challenge to PSP's decision on September 16, 2014. On October 6, 2014, PSP upheld the denial of Maglas' application on the basis of the DUI conviction.

Maglas filed a timely appeal to the Pennsylvania Office of Attorney General on October 23, 2014. A hearing was held before an ALJ on July 16, 2015. Maglas, who did not personally appear, was represented by counsel at the hearing, where PSP presented evidence of the 2005 DUI conviction. Maglas' counsel did not contest the evidence, but rather argued that the General Assembly never intended for persons convicted of DUI to be prohibited from purchasing firearms under the Pennsylvania Uniform Firearms Act of 1995.[3] (Transcript from Firearm Appeal Hearing, 7/16/15, at 14-23.) Maglas' counsel did not introduce any evidence or raise any constitutional issues at the hearing. (*Id.*)

On October 5, 2016, the ALJ issued a decision denying Maglas' administrative appeal. The ALJ determined that PSP's rejection of Maglas' application was proper. He ruled that Maglas was prohibited from purchasing a firearm under Section 922(g) of the GCA because Maglas' DUI conviction was

---

[2] Section 922(g) of the GCA provides, "[i]t shall be unlawful for any person . . . (1) who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm . . . which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. §922(g). Section 921(a)(20) of the GCA further states that "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of two years or less." 18 U.S.C. §921(a)(20).

[3] Act of December 6, 1972, P.L. 1482, *as amended*, 18 Pa.C.S. §§6101-6187.

punishable by a maximum of five years of incarceration.[4]  The ALJ noted that PSP was required under state law to review an individual's application to purchase a firearm "to determine if the potential purchaser . . . is prohibited from receipt . . . of a firearm under Federal or State law."  18 Pa.C.S. §6111.1(b)(1)(i).  The ALJ concluded:

> It is clear, pursuant to Pennsylvania's Uniform Firearm Act, that PSP was mandated to determine whether [Maglas] was precluded from purchasing a firearm under *either* Federal or State law.  It is equally clear that [Maglas] is precluded from purchasing a firearm under Federal law due to his DUI conviction graded as a first-degree misdemeanor with a five year maximum sentence.

(ALJ Disposition, 10/5/16, at 4.)  This appeal followed.

This Court's review of an order sustaining a decision by PSP to deny an application to purchase a firearm is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated.  *Freeman v. Pennsylvania State Police*, 2 A.3d 1259, 1260 n.2 (Pa. Cmwlth. 2010).  Presently, Maglas does not argue that the ALJ's findings were unsupported by substantial evidence or that the ALJ committed an error of law.  Rather, Maglas argues that the application of the GCA in this instance violates his rights under the Second Amendment.[5]  Maglas also does not argue that the GCA is facially unconstitutional.  Instead, he contends that his particular circumstances are beyond the scope of what the legislature intended to prohibit when it enacted section 922(g) of the GCA, 18 U.S.C. §922(g), and

---

[4] *See* Section 3803(b)(4) of the Vehicle Code, 75 Pa.C.S. §3803(b)(4), grading Maglas' 2005 DUI conviction as a first degree misdemeanor.

[5] "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed."  U.S. CONST. amend. II.

3

therefore, the application of the statute in this instance is unconstitutional. In support of this argument, Maglas sets forth in his brief a series of factual statements intended to show that "he is no more dangerous than a typical law-abiding citizen and poses no continuing threat . . . ." (Maglas Brief, 1/25/17, at 14-15.)

A citizen who seeks to challenge the constitutionality of a gun regulation as-applied has a significant evidentiary burden. *Binderup v. Attorney General of the United States of America*, 836 F.3d 336, 341 (3d Cir. 2016). In *District of Columbia v. Heller*, the United States Supreme Court held that the Second Amendment protects the right of "law-abiding, responsible citizens to use firearms in defense of hearth and home," but that such a right was "not unlimited." 554 U.S. 570, 626, 634-35 (2008). The *Heller* court also ruled that "longstanding prohibitions on the possession of firearms by felons" were "presumptively lawful regulatory measures" consistent with historical limitations on the breadth of the Second Amendment right. *Id.* at 626-27. In *United States v. Marzzarella*, 614 F.3d 85, 96-97 (3d Cir. 2010), the court adopted a framework for evaluating as-applied challenges. One year later, the court applied the *Marzzarella* framework in *United States v. Barton*, 633 F.3d 168, 174-75 (3d Cir. 2011). The opinion of the court in *Binderup*[6] reflects the court of appeals' synthesis of *Marzzarella* and *Barton,* resulting in the emergence of a particular test or framework for the evaluation of as-applied Second Amendment challenges. This framework was recently discussed in *Zedonis v. Lynch*, 233 F. Supp. 3d 417 (M.D. Pa. 2017).

To prevail in an as-applied challenge to a presumptively valid regulation restricting Second Amendment rights, a challenger must prove that "the challenged law imposes a burden on conduct falling within the scope of the Second

---

[6] *Binderup* was a fractured, plurality decision. *See Zedonis v. Lynch*, 233 F. Supp. 3d 417 (M.D. Pa. 2017).

4

Amendment's guarantee." *Id.* at 425 (quoting *Binderup,* 836 F.3d at 346). To do so, the challenger

> must (1) identify the traditional justifications for excluding from Second Amendment protections the class of which he appears to be a member, . . . and then (2) present facts about himself and his background that distinguish his circumstances from those persons in the historically barred class . . . .

*Binderup*, 836 F.3d at 347. With respect to the first hurdle, the *Binderup* court noted that the historical basis for "stripping felons"[7] of Second Amendment rights "dates back to our founding era." *Id.* at 349.

If the challenger successfully identifies the traditional justifications for excluding Second Amendment protections from his class, he must then distinguish himself from that class. *Id.* at 347. To do so, a challenger like Maglas must show that "there is a 'strong reason' why his 2005 DUI conviction was not a 'serious offense.'" *Zedonis*, 233 F. Supp. 3d at 426.

> "[T]here are no fixed criteria for determining whether crimes are serious enough to destroy Second Amendment rights." [*Binderup*, 836 F.3d at 351]. The *Binderup* court rejected the notion that all crimes subject to §922(g)(1)'s prohibition should be considered serious because of the crimes' maximum possible punishment. *Id*. at 350. Rather, the court acknowledged that some State misdemeanors subject to §922(g)(1), although being punishable by more than two years' imprisonment, "may be 'so tame and technical as to be insufficient to justify the ban'" on firearms possession. *Id.* (quoting *United States v. Torres–Rosario*, 658 F.3d 110, 113 (1st Cir. 2011)). Reasoning that *Heller* stated that felon-in-possession firearm bans were "presumptively lawful," and that

---

[7] "Traditionally, 'felons' are people who have been convicted of and crime 'that is punishable by death or imprisonment for more than one year.'" *Binderup*, 836 F.3d at 347 (citations omitted).

5

> "presumptions are rebuttable," the court indicated that "to determine whether . . . [an individual is] shorn of [his] Second Amendment rights, *Heller* requires us to consider the maximum possible punishment but not to defer blindly to it." [*Binderup*, 836 F.3d at 350–51].
>
> The *Binderup* court recognized that "the category of serious crimes changes over time as legislative judgments regarding virtue evolve," and therefore set forth a seemingly non-exhaustive list of factors for courts to consider in evaluating whether challengers have presented sufficient facts at step one to "distinguish[ ] their circumstances from persons historically excluded from the right to arms." *Id.* at 351, 353. The court instructed that, in evaluating an as-applied challenge to the constitutionality of §922(g)(1), we should consider: (1) whether a state classifies the offense as a misdemeanor or felony; (2) whether an offense involves violent criminal conduct, *i.e.*, that violence (actual or attempted) is an element of the offense; (3) the severity of the sentence imposed on the challenger; and (4) whether there is cross-jurisdictional consensus regarding the seriousness of the disqualifying crime. *Id.* at 351–52.

*Zedonis*, 233 F. Supp. 3d at 427.

If a challenger makes the showing required by *Binderup*, the burden then shifts to the government to show that §922 of the GCA supports a legitimate government interest (e.g., promoting public safety), and that the means employed to advance that interest are reasonable and appropriate. *Binderup*, 836 F.3d at 353. In other words, the statute or regulation at issue must survive intermediate scrutiny. *Id.* at 356.

Section 703(a) of the Administrative Agency Law provides:

6

> **(a) General rule.--**A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S §703(a). PSP argues that Maglas waived his Second Amendment challenge by failing to raise it before the ALJ. A careful review of the record confirms PSP's assertion that the issue was not addressed to the ALJ.

In *Lehman v. Pennsylvania State Police*, 839 A.2d 265 (Pa. 2003), our Supreme Court considered whether a prospective gun-buyer with a disqualifying criminal conviction waived a constitutional challenge when he failed to raise it before the ALJ. The Supreme Court expressly ruled that as-applied constitutional challenges must be raised before the ALJ to preserve such claims for review. *Id.* at 276. However, the prospective gun-buyer argued that the application of the waiver rule in his case was inappropriate because "he was denied the opportunity to raise them before the ALJ because the ALJ disavowed having jurisdiction to review constitutional claims." *Id.* at 274. The fact that the ALJ in *Lehman* expressly advised the prospective gun-buyer that "those arguments would be more appropriately made, if necessary, to the Commonwealth Court, since we do not have the mandate to consider constitutional issues" factored into the Supreme Court's disposition in that case: remand so that the prospective gun-buyer could develop his constitutional arguments. *Id.* at 276.

PSP argues that *Lehman's* express ruling that as-applied constitutional challenges must be raised before the ALJ to preserve such claims for review compels a finding of waiver in this case. PSP's argument, however, fails to address a pre-

7

hearing letter from the Office of Attorney General to Maglas' counsel.  The letter states:

> You should understand that the **only** issue which can be heard during this proceeding is whether the criminal history records maintained by the Pennsylvania State Police are accurate.  If you do not dispute the accuracy of the criminal history records, but you want to raise other reasons in support of the restoration of your firearms rights, you should contact a lawyer and explore other avenues of relief.

(Certified Record, Item 5, Letter from Leigh Ann Snyder to Peter Daley, 6/15/15) (emphasis in original).  This language is similar to the problematic language in *Lehman* where a prospective gun-buyer was denied an opportunity to litigate an as-applied challenge before the ALJ.  However, in this case, Maglas has not argued that the pre-hearing letter prejudiced him in any way; *i.e.,* he has not complained that he was procedurally prevented from raising his Second Amendment challenge before the ALJ as required by *Lehman.*

Moreover, we note that Maglas did not raise his Second Amendment challenge in his petition for review to this Court.  The petition for review merely reiterates the statutory argument presented unsuccessfully to the ALJ.  (Petition for Review, 10/26/2016, ¶¶ 5-6.)  Maglas has not offered any argument that there exists good cause for this Court to consider his Second Amendment claim when he failed to raise and preserve this issue below.  Hence, because this issue has been waived, the Court must affirm the decision of the ALJ.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos P. Maglas,               :
         Petitioner      :
                    :
       v.            :  No. 1772 C.D. 2016
                    :
Pennsylvania State Police,   :
         Respondent   :

## *ORDER*

AND NOW, this 4th day of January, 2018, the order of the administrative law judge, dated October 5, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge