IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher S. LaMarche, Sr.,        :
                                     :
                  Petitioner         :
                                     :
            v.                       : No. 1847 C.D. 2016
                                     : Submitted: September 22, 2017
Pennsylvania State Police,           :
                                     :
                  Respondent :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: January 25, 2018

          Christopher S. LaMarche, Sr. (Petitioner), *pro se*, petitions for review
from a final order of an Administrative Law Judge (ALJ) of the Office of Attorney
General (OAG), which upheld the determination of the Pennsylvania State Police
(PSP) denying his firearms application. Upon review, we affirm.

          In January 2016, Petitioner submitted an application for the purchase
or transfer of firearms. His application was denied when a Pennsylvania Instate
Check System report revealed a disqualifying conviction in 2013. The conviction
was for simple assault, a second degree misdemeanor (M2), under 18
Pa. C.S. §2701(a)(1). The victim of the simple assault was his then-spouse. The
conviction constituted a "misdemeanor crime of domestic violence," which triggered
state and federal firearm prohibition. *See* 18 Pa. C.S. §6105(c)(9); 18 U.S.C.
§921(a)(9); 18 U.S.C. §922(g)(33).

In February 2016, Petitioner filed an administrative challenge with the PSP, pursuant to 18 Pa. C.S. §6111.1(e), requesting review of his background check denial. PSP confirmed the disqualifying simple assault conviction and upheld the denial. Petitioner timely appealed and an ALJ held a hearing.

At the hearing, PSP presented the criminal complaint and docket information, which reflected that Petitioner was charged with simple assault (M2) and harassment, a summary offense. Reproduced Record (R.R.) at 4-11 (PSP Exhibit B).[1] According to the complaint, on August 3, 2012, Petitioner struck his then-wife in the head, legs, arms, and stomach. *Id.* at 9. The complaint further reflects that police observed that the victim had a black eye. *Id.* The criminal docket reveals that Petitioner entered a guilty plea to the simple assault on January 11, 2013 and was sentenced to 24 months of probation. *Id.* at 5.

Petitioner did not dispute the fact that he pled guilty to the 2013 simple assault. *See* Certified Record, ALJ Hearing, 9/30/16, Notes of Testimony (N.T.), at 14-21. Petitioner did not challenge the accuracy of the records submitted by PSP. *See id.* at 12, 17. He also did not challenge that the simple assault involved domestic violence. *See id.* Rather, Petitioner elicited testimony that he had never been arrested prior to the August 3, 2012 incident. *Id.* at 13. Petitioner testified that he was accused of something he did not do. *Id.* at 16. According to Petitioner, he was "told by the judge and by the lawyer if I do everything that I'm supposed to do, which I did with zero problems, then I would be awarded my firearms back." *Id.* at 15.

---

[1] Petitioner did not number the pages of his Reproduced Record. *See* Pa. R.A.P. 2173 (requiring pagination). For ease of citation, the Court referenced the numbering generated by electronic pagination, starting with the cover page as page one.

Based on the testimony and documentary evidence presented, the ALJ found that the records maintained by PSP are accurate. The ALJ concluded that Petitioner was convicted of a misdemeanor crime of domestic violence. Because of this conviction, the ALJ determined that Petitioner is precluded from acquiring or possessing a firearm under both federal and state law. By order dated September 30, 2016, the ALJ upheld the PSP's determination denying Petitioner's firearms application.

Petitioner then petitioned this Court for review.[2] Petitioner argues that the ALJ erred in upholding the PSP's determination. Petitioner asserts that the information PSP relied upon is false and that PSP cannot provide proof of domestic violence against his ex-wife. Although Petitioner admits he pled guilty to a misdemeanor of simple assault against his ex-wife, he denies assaulting her.

PSP is required to review firearm applications "to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law . . . ." 18 Pa. C.S. §6111.1(b)(1)(i). Under Section 922(g)(9) of the federal Gun Control Act of 1968, it is unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to acquire or possess a firearm. 18 U.S.C. §922(g)(9). A "misdemeanor crime of domestic violence" is defined as an offense which:

> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the

---

[2] Our review is limited to determining whether the necessary findings are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Freeman v. Pennsylvania State Police*, 2 A.3d 1259, 1260 n.2 (Pa. Cmwlth. 2010).

victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. §921(a)(33)(A) (footnote omitted).

In accord thereto, Pennsylvania law prohibits individuals from possessing, using, controlling, selling, or transferring a firearm if they are "prohibited from possessing or acquiring a firearm under 18 U.S.C. §922(g)(9) (relating to unlawful acts)." Section 6105(c)(9) of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S. §6105(c)(9). Furthermore, "[i]f the offense which resulted in the prohibition under 18 U.S.C. §922(g)(9) was committed, as provided in 18 U.S.C. § 921(a)(33)(A)(ii) (relating to definitions), by a person in any of [the enumerated relationships] . . . then the relationship need not be an element of the offense to meet the requirements of this paragraph." *Id.* "[T]he current or former spouse . . . of the victim" is included in the list of enumerated relationships. 18 Pa. C.S. §6105(c)(9)(i).

Here, Petitioner pled guilty to and was convicted of simple assault (M2) under 18 Pa. C.S. §2701(a)(1).[3] *See* ALJ Opinion, 1/20/17, at 3-4; R.R. at 5, 7. The

---

[3] Section 2701(a)(1) provides "[a] person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another . . . ." Simple assault can be graded as a First, Second or Third Degree Misdemeanor, as follows:

> (b) Grading.--Simple assault is a misdemeanor of the second degree unless committed:
>     (1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or
>     (2) against a child under 12 years of age by a person 18 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa. C.S. §2701(b).

crime for which he was convicted had "as an element, the use or attempted use of physical force, . . . committed by a current or former spouse . . . ." 18 U.S.C. §921(a)(33)(A). The victim was his then-spouse, thereby satisfying the relationship element. *See* ALJ Opinion at 3-4; R.R. at 8, 10, 11.

Petitioner does not contest that he was convicted of simple assault. Rather, he appears to argue that the incident to which he pled guilty did not occur. However, in this administrative appeal, Petitioner is prohibited from collaterally attacking his underlying criminal conviction. *See Commonwealth v. Duffey*, 639 A.2d 1174, 1177 (Pa. 1994) (a licensee may not collaterally attack an underlying criminal conviction in an administrative proceeding concerning civil license suspension); *see also Freeman*, 2 A.3d at 1260 (recognizing that the ALJ properly determined that a firearm applicant could not collaterally attack his underlying criminal conviction).

Upon review, Petitioner's simple assault conviction is a "misdemeanor crime of domestic violence," which prohibits him under state and federal law from possessing firearms. *See* 18 U.S.C. §922(g)(9); 18 Pa. C.S. §6105(c)(9). Thus, the PSP properly precluded him from possessing a firearm as a result of this conviction.

Accordingly, we affirm.

 

 

MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher S. LaMarche, Sr.,     :
                                 :
                  Petitioner    :
                                   :
              v.           : No. 1847 C.D. 2016
                                   :
Pennsylvania State Police,       :
                                   :
              Respondent :  

O R D E R


AND NOW, this 25th day of January, 2018, the order of the Administrative Law Judge of the Office of Attorney General, dated September 30, 2016, is AFFIRMED.


_____

MICHAEL H. WOJCIK, Judge